McKinney, J.,
delivered the opinion of the Court.
This -was an action of debt on simple contract, brought by Campbell against Chaffin as executor of R. C. White-side, deceased, to recover the sum of $358.88, alleged to have been paid, laid out, and expended by the plaintiff to and for the use of the defendant’s testator. The plaintiff recovered in the Court below, and the defendant appealed in error.
The facts were agreed upon, and are substantially as follows: On the 29th of May, 1852, one* J. P. Campbell executed a bill single to John Glenn for $300, with R. C. Whiteside (defendant’s testator) and W. W. Campbell as his sureties. Said bill single not being paid, suit was commenced thereon jointly against the principal and his sureties before a justice of the peace; and on the 7th of November, 1853, a joint judgment was rendered against all the defendants, the relation of the defendants as principal and sureties not being “recited in the judgment.” Upon this judgment, C. M. Campbell, the plaintiff in the present action, became surety for the stay of execution, at the special request of J. P. Campbell, the principal debtor. Afterwards, on the 4th December, 1854, Campbell, the stayor, was compelled to satisfy said judgment, then amounting to $358 88. To recover this sum of money from Chaffin, the personal representative of one of the original sureties, was the *190 object of tbis suit, and a recovery was had for the full amount paid by the stayor, with interest thereon from the time of payment. It does not appear that any attempt was made to recover the money from the principal, nor is any reason disclosed for the omission to pursue him or the other surety.
It is clear, in any view of this case, that the recovery had against the plaintiff in error cannot be supported. 1. This is a common law action, and if the established principles of the common law are to govern, the judgment is palpably erroneous. The ground of the action is, that the plaintiff Campbell was surety for Whiteside, and that, as surety, he was compelled to pay the debt of his principal. The relation of surety and the payment of the debt being established, the surety is entitled to recover the amount paid; and this he can do without express proof that the principal debtor either requested him to pay the money or promised to repay him; for in such case the law implies not only a previous request, but also a promise to reimburse him. But it is a well-settled principle of law, that a party, by voluntarily paying the debt of another, cannot entitle himself to any right of action against that other for the money so paid, in the absence of a previous request or subsequent promise.
In the present case, the proof not only fails to establish the relation of principal and surety as between the plaintiff and defendant’s testator, a previous request or subsequent promise, but the contrary is distinctly proved. It is expressly admitted, in the statement of facts agreed upon by the parties, that the plaintiff “became the stayor of the judgment at the special request of Campbell, the principal debtor.” And there is not an intimation in the *191 record that either of the original sureties knew of or joined in sueh request, or afterwards assented to it. The payment hy the plaintiff, therefore, was as the surety of the principal debtor alone; for him alone he was surety, and not for the original sureties; and as to the defendant’s testator, the payment was voluntary and officious, out of which no right of action can arise.
Upon the facts of this case, it might with much more plausibility be asserted that the plaintiff, as stayor of execution on the judgment, would have been liable to the defendant’s testator, in case the latter had been compelled to pay the debt; upon the principle that one who becomes surety in the course of legal proceedings against the principal, has no right of contribution -against the original surety for the debt, but, on the contrary, the latter is entitled to be subrogated to the creditor’s right against him, as in the case of bail. See notes to Dening vs. Winchelsea, 1 Leading Cases in Eq.
2. It is equally clear that, in view of our statutory provisions in reference to “stayors,” and the decisions thereon, this action cannot be maintained. The cases in 11 Humph., 445, and 1 Sneed, 361, upon the construction of the act of 1843, ch. 32, have been altogether misunderstood and misapplied in the present case. These cases hold that, under the statute, a surety, in order to entitle himself, as against the plaintiff and the officer having process in his hands, to have the property of the principal debtor exhausted before his property shall be taken in satisfaction of the judgment, must on the trial establish the fact that he was merely a surety, and his relation as surety must be recited in the judgment, and also in the execution; and if the surety fail to have this *192 made to appear as required, then, for all the purposes of satisfaction of such judgment, the surety is to be treated as a principal, and the plaintiff may proceed to subject his property in satisfaction of the judgment, passing by the property of the principal debtor. The act of 1843, it is said, in Grissom vs. Moore, 1 Sneed, 364, was designed to preclude all inquiry, after judgment, into the antecedent relations of the defendants; and this is certainly correct as respects all questions touching the liability of the defendants to the satisfaction of the particular judgment, and in this sense alone was' the principle stated in that case. But it certainly was not intended to assert that although the surety had subjected himself, by his own neglect to pursue the statute, to be treated as a principal debtor, at the election of the plaintiff or officer, he was to be precluded thereby, in any subsequent independent proceeding, instituted either on his behalf or against him, from showing his true relation as surety. .
Upon this misunderstanding of the principle stated in the case in 1 Sneed, it was assumed that Whiteside was to be regarded as a principal debtor for all purposes; and upon this assumption was based another, equally unfounded, that the plaintiff, by becoming the surety of Campbell, the principal debtor, for the stay of execution, was to be considered as the surety of Whiteside also. And upon these two most- erroneous assumptions the plaintiff’s recovery is grounded. The omission of the judgment and execution to show that Whiteside was only surety, while it subjected him to liability as a principal debtor to the plaintiff in that judgment, had no other effect. It certainly did not authorize the present plaintiff as stayor, under the circumstances of this case, to treat *193 him as Ms principal, as has been attempted in this action.
If Whiteside’s suretyship had been made to appear in the judgment- and execution, the consequence would have been that, as between the stayor and the original surety for the debt, the stayor would have been primarily liable; and the original surety, if he had paid the judgment, might have recovered the amount from the former. See 10 Humph., 247. But by that omission in the present instance, Whiteside lost the right to interpose the stayor before being made liable himself; but this is the only prejudice to his rights resulting from the omission.
Judgment reversed.